IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN H. SCHMIDT, JR., | § | |
| | § | |
| Defendant Below, | § | No. 596, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0111005916 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 18, 2016
Decided: April 15, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 15th day of April 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, John H. Schmidt, Jr., filed this appeal from a Superior Court order denying his motion for modification of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Schmidt's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Schmidt pled guilty to six counts of Robbery in the First Degree and one count of Robbery in the Second Degree in 2002.

Schmidt was sentenced to thirty-one years of Level V incarceration, suspended after twenty years for deceasing levels of supervision. Schmidt did not appeal the Superior Court's judgment.

(3) On September 3, 2015, Schmidt filed a motion for modification of sentence under Superior Court Criminal Rule 35(b). Based upon his unsuccessful efforts to obtain commutation of his sentence from the Board of Pardons and to have the Department of Correction file an application for sentence reduction under 11 *Del. C.* § 4217 as well as his exemplary conduct and rehabilitation efforts in prison, Schmidt argued that there were extraordinary circumstances supporting modification of his sentence. The Superior Court denied Schmidt's motion in an order dated October 6, 2015. The Superior Court found that the sentence was imposed pursuant to a plea agreement and appropriate for all of the reasons stated at the time of sentencing, the motion was filed more than ninety days after imposition of the sentence, and exemplary conduct and successful rehabilitation efforts did not constitute extraordinary circumstances under Rule 35(b). This appeal followed.

(4) We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion.[1] To the extent the claim involves a question of

---

[1] *Weber v. State*, 2015 WL 2329160, at \*1 (Del. May 12, 2015).

2

law, we review the claim *de novo*.[2] Superior Court Criminal Rule 35(b) provides that a motion for reduction of sentence that is not filed within ninety days of sentencing (such as Schmidt's motion) will only be considered in extraordinary circumstances or pursuant to 11 Del. C. § 4217. Under Section 4217, the Superior Court may modify a sentence if the Department of Correction files an application for good cause shown (which includes rehabilitation of the offender) and certifies that the offender does not constitute a substantial risk to the community or himself.

(5) In his opening brief, Schmidt does not identify any error by the Superior Court, but instead claims, for the first time, that the Department of Correction violated his liberty interest under the Fourteenth Amendment by denying his request for an application under Section 4217 based upon inappropriate criteria (his criminal history and the nature of his offenses). Schmidt asks this Court to order the Department of Correction to file an application under Section 4217. As the State points out, Schmidt essentially seeks a writ of mandamus. Schmidt did not seek this relief below and, in any event, this Court lacks jurisdiction to issue a writ of mandamus to the Department of Correction.[3]

---

[2] *Id.*

[3] *In re Anderson*, 2015 WL 5275853, at *1 (Del. Sept. 9, 2015). We also note that "[i]t is within the discretion of the Department of Correction to apply for modification of an inmate's sentence under Section 4217." *King v. State*, 2015 WL 317128, at *2 (Del. Jan 23, 2015) (affirming Superior Court's denial of petition for writ of mandamus where movant did not show Department of Correction had duty to declare him to eligible for sentence modification under Section 4217 or submit a Section 4217 application).

Having carefully considered the parties' positions on appeal and the record below, we conclude that the Superior Court did not err in denying Schmidt's motion for modification of sentence.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[4] *See, e.g., Morgan v. State*, 2012 WL 3115539, at *1 (Del. July 31, 2012) (affirming Superior Court's denial of motion for sentence modification and recognizing it is well-settled that rehabilitation efforts do not constitute extraordinary circumstances).